Dear Mr. Thomas:
You advise this office that you are currently employed by the greater New Orleans Expressway Commission (GNOEC) as a corporal for the Causeway Police Department. You ask this office if any state law prevents you from campaigning for the elected office of Washington Parish Sheriff while you are employed by the GNOEC.
I. Civil service employees may not engage in political activities.
Your letter to this office does not state whether your employment is classified or unclassified. If your position of employment with GNOEC is within the classified civil service, note that civil service employees are not allowed to campaign for public elective office. La.Const. Art. 10 § 9 is applicable to state, city and parish civil service employees and provides that no "employee in the classified service shall participate or engage in political activity", nor shall that employee "be a candidate for nomination or election to public office . . ."
Further, La.Const. Art. 10 § 20 governs municipal fire and police civil service employees, and retains the prohibitions against political activity contained in Paragraph 34 of Art. XIV § 15.1 of the 1921 Louisiana Constitution. These prohibitions are made statutory in La.R.S.33:2564 and La.R.S. 33:2504, provisions which are applicable to fire and police civil service systems in municipalities with different populations. Specifically, both La.R.S. 33:2564(A)(4) and La.R.S.33:2504(A)(4) provide "no employee in the classified service shall . . . be a candidate for nomination or election to public office . . ." Also applicable to municipal fire and police civil service systems are La.R.S.33:2564(A)(5) and La.R.S. 33:2504(A)(5), providing that "no person elected to public office shall, while serving in the elective office, be appointed to or hold any position in the classified service." *Page 2 
The opinions of this office recognize that classified employees may not campaign for or hold public office. See La. Atty. Gen. Op. 03-0186 (Art. 10 § 9 prohibits an elected municipal councilman from holding a position in the state classified service); La. Atty. Gen. Op. 97-235 (the prohibition against political activity contained in Art. 10 § 9 is applicable to classified parish employees); La. Atty. Gen. Op. 83-87 (classified state employee must resign his or her current position in order to be a candidate for election to public office); La. Atty. Gen. Op. 82-665 (an employee of a police jury under civil service may not run for office and remain an employee of the police jury); La. Atty. Gen. Op. 78-1298 (an appointed chief of police in the classified service may not run for public office without first resigning his position as chief of police, as he would still be a classified employee even if on a leave of absence and would therefore be prohibited from engaging in political activity).
In contrast, if your position of employment is unclassified, the foregoing discussed prohibitions are inapplicable and would not prohibit you from campaigning for elective office.
II. A mandatory leave of absence from employment is not imposed upon anunclassified employee by statute, but all campaign activities must beconducted during off-duty hours.
If your position of employment with GNOEC is unclassified, note there are no state laws requiring you to take a leave of absence from your employment in order to campaign. However, the law does require you to conduct campaign activities during your off-duty hours. Campaign activities conducted while you are on-duty are a violation of La Const. Art. XI § 4, which states that "no public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization . . ." The language of this constitutional provision is repeated in La.R.S. 18:1465(A), which also imposes criminal penalties as follows:
A. No public funds shall be used to urge any elector to vote for or against any candidate or proposition, or be appropriated to a candidate or political organization. This provision shall not prohibit the use of public funds for dissemination of factual information relative to a proposition appearing on an election ballot.
B. Whoever violates any provision of this Section shall be fined not more than five hundred dollars or be imprisoned for not more than six months, or both. On a second offense or any succeeding offense, the penalty shall be a fine or not more than one thousand dollars or imprisonment for not more than one year, or both. *Page 3 
Both Art. IX § 4 and La.R.S. 18:1465 prohibit the use of GNOEC property to promote the candidacy of any individual. Thus, you may not use a GNOEC patrol vehicle while actively campaigning for the office of sheriff. See
La. Atty. Gen. Ops. 83-550, 83-559 and 98-382, copies attached.
III. GNOEC employees are subject to any written employment policyregarding campaign activities.
As an employee of the GNOEC, you are subject to your employer's policy regarding campaign activities. We suggest you review any written employment policy governing your conduct as a GNOEC employee for possible limitations applicable to your proposed campaign effort.
IV. State dual officeholding provisions are inapplicable to pre-electionactivities.
Not that the provisions of the Louisiana Dual Officeholding and Dual Employment Law, La.R.S. 42:61, et seq., contain certain prohibitions against the holding of two or more public offices and/or public employments. This law becomes applicable after one has been elected or appointed to public office; however, these statutes do not address your question about pre-election activities.
Finally, any questions arising under the Louisiana Code of Governmental Ethics, La.R.S. 42:1111, et seq., or arising under the Louisiana Campaign Finance Disclosure Act, La.R.S. 18:1481, et seq., must be directed to the Louisiana State Board of Ethics for resolution. The mailing address of the Ethics Board is P.O. Box 4368, Baton Rouge, LA 70821, phone 225-219-5600.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
cc: Mr. Vincent F. Wynne, Jr. Wynne, Goux Lobello
417 N.Theard Street Covington, LA 70433